ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ELIEZER SANTANA BÁEZ, Apelante, v. ESTADO LIBRE ASOCIADO DE PUERTO RICO; HON. LOURDES GÓMEZ TORRES; DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN; HON. FRANCISCO QUIÑONES RIVERA, Apelada. | TA2026AP00268 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior Bayamón. Civil núm.: BY2026CV00038. Sobre: daños y perjuicios. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 9 de abril de 2026.

El apelante, señor Eliezer Santana Báez (señor Santana), solicita que revoquemos la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 10 de febrero de 2026, notificada al día siguiente. En ella, el foro primario desestimó la demanda instada por el señor Santana al amparo de la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, por este haber incumplido con la orden del tribunal del 2 de febrero de 2026, que le concedía un término final de 2 días para que sometiera los proyectos de emplazamientos.

Por los motivos que exponemos a continuación, **revocamos** la sentencia objeto de este recurso.

I

El señor Santana es un miembro de la población correccional del Departamento de Corrección y Rehabilitación de Puerto Rico. Tanto a nivel primario como apelativo, el señor Santana ha comparecido por derecho propio y como indigente.

La demanda en daños y perjuicios fue instada el **20 de octubre de 2025**, en contra del Estado Libre Asociado y de su instrumentalidad, el Departamento de Corrección y Rehabilitación; ambos, por conducto de sus respectivos secretarios. En síntesis, el apelante les reclama los presuntos daños sufridos por habérsele privado en varias fechas de su derecho a una hora del servicio de recreación.

Al examinar el expediente electrónico del caso ante el foro primario[1], corroboramos que, aunque el señor Santana presentó su demanda el **20 de octubre de 2025** - junto a su solicitud para litigar como indigente - el SUMAC TPI no la registró sino hasta que el tribunal le eximiera del pago del arancel. Nos explicamos.

El **1 de diciembre de 2025**, Secretaría notificó al señor Santana que se le eximía del pago del arancel. No obstante, no fue sino hasta el **2 de enero de 2026**, notificada el **8 de enero de 2026**, que el tribunal primario formalizó, mediante orden a esos efectos, la exención del pago del arancel y le autorizó a litigar como indigente. Por tanto, **la demanda se tuvo por presentada el 8 de enero de 2026**.

El **29 de enero de 2026**, el apelante solicitó una prórroga para emplazar.

El **3 de febrero de 2026**, el tribunal le informó que **no** concedía la prórroga y que tenía que someter los emplazamientos en un término perentorio de 2 días.

Transcurrido el término de dos días, el foro primario desestimó la demanda mediante su sentencia del 10 de febrero, notificada el 11 de febrero de 2026.

El 12 de marzo de 2026, el señor Santana instó este recurso. Arguye que su condición de confinado le impide realizar ciertos actos; plantea que este es un hecho que el tribunal debió tomar en consideración. Además,

---

[1] El señor Santana solo adjuntó a su recurso copia de la sentencia dictada el 10 de febrero de 2026. No obstante, a la luz de que el expediente del caso se encuentra disponible en el *Sistema Unificado de Manejo y Administración de Casos* del Tribunal de Primera Instancia (SUMAC TPI), pudimos corroborar la información aportada por el señor Santana en su escrito de apelación.

expuso que la Secretaría del Tribunal de Primera Instancia fue negligente, pues no le apercibió oportunamente de su deber de presentar los emplazamientos[2].

II

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, establece la facultad discrecional de los tribunales para imponer sanciones económicas a las partes, así como para desestimar una demanda o eliminar las alegaciones, cuando no se ha cumplido con las referidas Reglas o con cualquier orden emitida por el tribunal[3]. Así pues, si un tribunal estima que las actuaciones de una parte involucrada en un pleito están entorpeciendo los procedimientos, tiene amplia facultad para prohibir, sancionar o castigar este tipo de conducta o actitud. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 930 (1996).

Ello responde al hecho de que, "[c]omo regla general, los tribunales están obligados a desalentar la práctica de falta de diligencia e incumplimiento con las órdenes del tribunal mediante su efectiva, pronta y oportuna intervención". *Mejías et als. v. Carrasquillo et als.*, 185 DPR 288, 298 (2012). No obstante, esta discreción debe ejercerse de manera juiciosa y apropiada.

Con relación a ello, la Regla 39.2(a) de Procedimiento Civil dispone que:

(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada **podrá decretar la desestimación del pleito o de cualquier reclamación** que corresponda.

**Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder.** Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. **Luego de que la**

---

[2] Si bien acogemos el recurso del señor Santana, debe quedarle claro que la Secretaría no tiene obligación alguna de apercibirle de sus obligaciones procesales.

[3] *Véase*, también, la Regla 37.7 de las de Procedimiento Civil, 32 LPRA Ap. V.

> **parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito** o la eliminación de las alegaciones. **El tribunal concederá a la parte un término razonable para corregir la situación que en ningún caso será menor de treinta (30) días**, a menos que las circunstancias del caso justifiquen que se reduzca el término.
>
> .        .        .        .        .        .        .        .        .

32 LPRA Ap. V, R. 39.2(a). (Énfasis nuestro).

La disposición citada resulta medular. Tanto así que, previo a ser incorporada a las Reglas de Procedimiento Civil de 2009, la Regla 39.2 había sido enmendada por virtud de la Ley Núm. 493-2004, para incorporar la jurisprudencia del Tribunal Supremo a los efectos de que **la desestimación como sanción procede únicamente cuando quede demostrado, inequívocamente, que otras sanciones han sido ineficaces**.

Así pues, el fin perseguido por la Regla 39.2(a) de las Reglas de Procedimiento Civil de 2009 resulta compatible con el principio recogido en nuestro ordenamiento jurídico que favorece que los casos se ventilen en sus méritos. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 591 (2011)[4]. Por tanto, como norma general, la regla exige que, "una vez se plantea ante el tribunal de instancia una situación que amerite la imposición de sanciones, este debe amonestar primeramente al abogado de la parte". *Mejías et als. v. Carrasquillo et als.*, 185 DPR, a la pág. 297; *Sánchez Rodríguez. v. Adm. de Corrección*, 177 DPR 714, 725 (2009).

Si lo anterior no produce resultados, "procederá la desestimación de la demanda o la eliminación de las alegaciones, **luego de que la parte haya sido debidamente informada y apercibida de las consecuencias**

---

[4] Es harto conocida la política judicial de que los casos se ventilen en los méritos, toda vez que existe un importante interés de que todo litigante tenga su día en corte y que las partes no sean perjudicadas por los actos u omisiones de sus abogados. *Rivera et als. v. Superior Pkg., Inc. et als.*, 132 DPR 115, 124 (1992). No obstante, el Tribunal Supremo de Puerto Rico ha expresado que "una parte no tiene derecho a que su caso tenga vida eterna en los tribunales, manteniendo así a la otra parte en constante estado de incertidumbre". *Colón Rivera v. Wyeth Pharm.,* 184 DPR 184, 202-203 (2012); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 369 (2003). Con relación a esto, se debe considerar el efecto de la demora en la resolución de los pleitos en los tribunales y el efecto adverso que puede tener en la administración de la justicia. *Colón Rivera v. Wyeth Pharm.*, 184 DPR, a la pág. 203.

**que puede acarrear el incumplimiento**". *Mejías et als. v. Carrasquillo et als.*, 185 DPR, a la pág. 297. (Énfasis nuestro).

III

En primer lugar, aclaramos que partimos de la premisa de que el Tribunal de Primera Instancia desestimó la demanda instada por el señor Santana ante su incumplimiento con la orden del 2 de febrero de 2026, que le concedía un término perentorio de 2 días para someter los emplazamientos. Es decir, que, aunque no lo especificó, el foro primario ordenó la desestimación de la demanda amparado en la Regla 39.2(a) de Procedimiento Civil[5].

Tampoco cabe duda de que el señor Santana ha comparecido por derecho propio, por lo que no cuenta con representante legal alguno a quien amonestar o sancionar en primera instancia. No obstante, opinamos que el foro primario no tomó en consideración el hecho de que el señor Santana está confinado, y que los trámites de recibo y envío de correspondencia no se ajustan necesariamente a los trámites regulares y comunes.

Como surge del expediente electrónico del caso, no fue sino hasta el **8 de enero de 2026**[6], que el SUMAC TPI dio por presentada la demanda, una vez el tribunal hubo autorizado la exención del pago del arancel de presentación. El 3 de febrero de 2026, y en respuesta a la solicitud del señor Santana del 29 de enero de 2026 sobre la prórroga para emplazar, el foro primario solo le concedió un término perentorio de 2 días para someter los proyectos de emplazamientos. Como mínimo, y conforme exige la Regla 39.2(a) de Procedimiento Civil, el tribunal debió concederle

---

[5] Nótese que la Regla 39.2(b) aplica cuando no se ha efectuado trámite alguno en un caso, por cualquiera de las partes, durante los últimos 6 meses. De otra parte, en su inciso (c), la Regla 39.2 de Procedimiento Civil equivale al concepto anglosajón del *non-suit*; es decir, esta se presenta o argumenta una vez la parte demandante ha terminado la presentación de su prueba.

[6] El señor Santana contaba con un **término improrrogable de 120 días** para diligenciar los emplazamientos, conforme lo dispuesto en la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V. Ese término tenía que ser computado a partir de que el SUMAC TPI diera por presentada la demanda; i.e., el **8 de enero de 2026**.

un término no menor de 30 días para corregir su presunto incumplimiento, previo a tomar la drástica decisión de desestimar su demanda.

A la luz de todas esas circunstancias, opinamos que el foro primario erró y debió haber permitido que el señor Santana sometiera los emplazamientos en un término razonable; no, en un término de 2 días.

III

Conforme a lo previamente expuesto, este Tribunal **revoca** la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 11 de febrero de 2026. Se devuelve el caso al foro primario para su atención de manera compatible con esta sentencia.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones